STUART S. DYE AND MARY I. DYE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dye v. Commissioner
Docket No. 16412-88
United States Tax Court
T.C. Memo 1989-595; 1989 Tax Ct. Memo LEXIS 600; 58 T.C.M. (CCH) 583; T.C.M. (RIA) 89595; October 31, 1989
William J. James, for the petitioners. Craig A. Etter, for the respondent. WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on respondent's motion to dismiss for lack of jurisdiction. Respondent seeks a dismissal on *601 the ground that the petition was not filed within the time prescribed by sections 6213(a) and 7502. [1] Petitioners were residents of Bethesda, Maryland, at the time their petition in the instant case was filed. By order of the Court, petitioners were directed to file their objection, if any, to the instant motion. Instead, petitioners filed a Motion to Continue Trial and to Extend Time to File Opposition to Respondent's Motion to Dismiss for Lack of Jurisdiction. Petitioners' motion was granted, and the parties were directed to file a written status report with the Court. Subsequent to filing a status report as directed by the Court, respondent renewed his motion to dismiss for lack of jurisdiction. Petitioners were directed to file their objection to the motion, if they had any, but the Court received no response from them. In the instant case, a statutory notice of deficiency addressed to petitioners at their last known address in Bethesda, Maryland, was mailed by certified mail on March 31, 1988. That mailing date is shown *602 by the postmark stamped on the copy of the registered mail list, U.S. Postal Service Form 3877, which respondent submitted with his motion. The registered mail list contains petitioners' names, address, an identification of the taxable year covered by the notice of deficiency, and a verification of the March 31, 1988 postmark. In , we noted that such a form represents direct evidence of the mailing date of a notice of deficiency. Section 6213(a) provides the time limit for filing a petition in this Court as follows: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Section 7502(a) provides the general rule that a petition which is mailed timely may be treated as one which is filed timely. Section 7502(b) limits application of the general rule in the case of postmarks not made by the United States Postal Service "to *603 the extent provided by regulations prescribed by the Secretary." The regulation promulgated pursuant to section 7502(b) requires that such a postmark bear a timely date in order to invoke the "timely mailing treated as timely filing" rule. Section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. That regulation provides as follows: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. * * * The foregoing regulatory provision has been held valid. , affg. a Memorandum *604 Opinion of this Court; , affd. per curiam . We agree with respondent that the petition was not timely filed. The 90-day period for timely filing the petition with this Court expired June 29, 1988. That date was not a Saturday, Sunday, or legal holiday in the District of Columbia. The envelope in which the petition was mailed to the Tax Court bore the date June 30, 1988, as indicated by a private postal meter stamp. Because the postmark was made by a private postal meter and the date of the postmark was 91 days after the mailing of the notice of deficiency, the postmark date does not meet the requirement contained in clause (1) of the first sentence of section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs. Moreover, even if the postmark had been made by the U.S. Post Office, petitioners would not have been entitled to rely on the "timely mailing treated as timely filing rule" because the postmark was one day late. Section 301.7502-1(c)(iii)(a), Proced. & Admin. Regs. Accordingly, petitioners cannot avail themselves of the "timely mailing treated as timely filing" rule of section *605 7502. The petition was filed with the Tax Court on July 5, 1988, 96 days after the mailing of the notice of deficiency. The time limit provided in section 6213(a) is strictly applied. See . Because the petition was not filed with the Court within the 90-day period set forth in section 6213(a), respondent's motion will be granted. To reflect the foregoing, An appropriate order will be entered. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩